UNITED STATES *v.* BAREFIELD.

*(District Court, E. D. Texas.   February 16, 1885.)*

1. CRIMINAL LAW AND PROCEDURE—WITNESS—CONVICT IN STATE PENITENTIARY —APPLICATION FOR SUBPŒNA OR ATTACHMENT.

    A United States district court will not grant a process by subpœna, attachment, or otherwise, on application of the United States district attorney, for a party confined in a state penitentiary for assault with intent to murder, whose testimony it is desired to have in a criminal prosecution pending in such court.

2. SAME—COMPETENCY OF WITNESS—STATUTE OF TEXAS—REV. ST. U. S. § 858.

    It would seem that such a witness could be excluded as a witness both under the laws of Texas and under those of the United States, if objected to by defendant.

Application for Subpœna.

*Asa E. Stratton, Jr.*, U. S. Dist. Atty., for the United States.

*Edward Guthridge*, for defendant.

SABIN, J.   Application by United States district attorney for a process by subpœna, attachment, or otherwise, for one Tobe Barefield as a witness in this case; said Tobe Barefield being at present a convict in the penitentiary at Rusk, Texas, that being one of the penitentiaries of the state of Texas, for assault with intent to murder.   The application shows that he is a material witness for the government, and that it is believed that the state authorities will permit him to appear as a witness if he is brought before this court and safely returned to the prison at Rusk, after testifying, provided that the state of Texas is at no expense therefor.   The process of subpœna is always at the command of the United States district attorney, without the authorization of this court, and witnesses, when subpœnaed under his order and discharged by him, are allowed by the court their *per diem* and mileage, and the court in this case does not feel it necessary to control the action of the district attorney by either ordering or refusing a subpœna.   This court has no control over the volition of the state authorities in the matter of their bringing their state convicts before it to give testimony.   If they bring them in obedience to a subpœna they will be paid like other witnesses, if ordered by the United States district attorney.   The question of their competency does not strictly arise upon this motion, although it is presented to my consideration and a decision expected thereon.   If an incompetent witness is placed upon the stand and sworn, and gives testimony without objection, his incompetency being known, such testimony is proper for the consideration of the jury.   The defendant in this case cannot be called upon to say whether he objects to such witness or not until he is produced. But as the question of competency is again presented at this term of court it seems proper to allude to the authorities.   At common law, persons convicted of crimes which render them infamous are excluded from being witnesses.   Infamous crimes in this sense are regarded as comprehending treason, felony, and the *crimen falsi.*   Whart. Crim. Ev. § 363, and authorities there cited.   I must confess that I cannot regard the state in which a United States court is held as a foreign state, although it has a different species of jurisdiction.

Section 858 of the Revised Statutes of the United States, after providing that persons should not be excluded as witnesses by reason of color, or of being parties to a suit, and after making some provision in reference to actions by and against executors, etc., provides that in all other respects the laws of the state in which the court is held shall be the rule of decision as to the competency of witnesses in the courts of the United States in trials at common law, and in equity and admiralty.

Article 54 of the Penal Code of the state of Texas provides that every offense that is punishable by death or by imprisonment in the

penitentiary, either absolutely or in the alternative, is a felony; every other offense is a misdemeanor; while subdivision 5 of the Code of Criminal Procedure of the state of Texas, art. 730, provides that all persons who have been convicted of felony in this state or in any other jurisdiction, unless such conviction has been legally set aside, or unless the convict has been legally pardoned of the crime for which he was convicted, are incompetent to testify in criminal actions. Article 500 of the Criminal Code of the state of Texas provides that if any person shall assault another with intent to murder, he shall be punished by confinement in the penitentiary not less than two nor more than seven years. If the assault was made with a bowie-knife or dagger, or in disguise, the punishment shall be doubled. It would seem, therefore, as admitted, that, under the laws of Texas, the proposed witness could be excluded as a witness; and it seems to me, likewise, that he also could be excluded both under the laws of Texas and under those of the United States, if objected to by the defendant; and hence the court declines to make any order in the matter, leaving the United States district attorney and the state authorities· to the use of such writ or writs of subpœna, and such voluntary action in the production of the said Tobe Barefield before the court or as a witness, as to them or each of them may seem proper and lawful to do; and hence the court declines to make any order upon the motion presented.